IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID WAYNE FORD, ET AL. § | | |
| SID #10069258, § | | |
| Plaintiffs, § | | |
| v. § | | C.A. NO. C-07-107 |
| § | | |
| NUECES COUNTY JAIL, ET AL., § | | |
| Defendants. § | | |

**MEMORANDUM AND RECOMMENDATION
ON PENDING MOTIONS AND TO DISMISS ACTION**

On March 7, 2007, plaintiff David Wayne Ford and five other plaintiffs, proceeding *pro se*, filed a motion for temporary restraining order complaining that they were being denied access to the courts in violation of their constitutional rights. (D.E. 1). In particular, plaintiffs allege that two Nueces County Jail employees, Mr. L. Cooper and Mr. J.J. Garcia, removed a copy of the Texas Administrative Code from the Nueces County Law Library in violation of jail policy. (Id. at 4). In addition, plaintiffs complain that defendants refuse to reschedule law library sessions, despite the fact that plaintiffs often miss their scheduled times due to conflicts with court appearances. (Id.) On March 29, 2007, plaintiff Ford, individually, filed a motion to dismiss without prejudice, stating that he would prefer to file this action when not in the custody of the Nueces County Jail as he has no money and he fears retaliation. (D.E. 9).

For the reasons discussed below, it is respectfully recommended that plaintiffs' motion for a temporary restraining order be denied. It is recommended that plaintiff Ford's motion to dismiss without prejudice be granted. It is recommended that the claims of the

remaining plaintiffs be dismissed with prejudice as frivolous and for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I. Jurisdiction

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. Discussion

### A. Plaintiff Ford's Motion to Dismiss

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that an action may be dismissed by a plaintiff without order of court "by filing a notice of dismissal at any time before service by the adverse party of an answer ...." In this case, no defendant has been served. In addition, no PLRA collection orders have been entered.[1] There is no prejudice to a defendant or a waste of judicial resources in granting plaintiff's motion to dismiss. Thus, it is respectfully recommended that plaintiff's motion for a voluntary dismissal, (D.E. 9), be granted.

### B. Section 1983 Claims and Section 1915A Screening.

The five other plaintiffs, Patrick Reid, Kent Young, John Setliff, Juan Valdrz, and Joe Figueroa, did not join in plaintiff Ford's motion for voluntary dismissal. Their claims are properly screened under § 1915A.

---

[1] Plaintiff were instructed to submit completed applications to proceed *in forma pauperis* and copies of the inmate trust fund account statements. (See D.E. 2). However, plaintiff Ford was the only plaintiff to comply, in part, with this order. (See D.E. 9, copy of Ford's inmate trust fund account statement).

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The action is subject to screening, regardless of whether the plaintiffs prepay the entire filing fee or they proceed as paupers. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). The *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and plaintiffs' allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

In this case, plaintiffs allege denial of the access to the courts. They complain that the Texas Administrative Code has been removed from the library, and that its absence impedes their ability "to effectively petition the courts." (D.E. 1 at 4). They also argue that missed law library sessions are not rescheduled. (Id.)

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518 U.S. 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost

4

an actionable claim or was prevented from presenting such a claim because of the alleged denial.  See Lewis, 518 U.S. at 356.  He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access.  Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

In this case, plaintiffs have failed to allege, let alone demonstrate, that they have suffered any prejudice in any pending litigation.  Plaintiffs do not identify any post-conviction proceedings or other lawsuits that they have pending.  They do not argue that they wanted to file any pleadings or motions, but were unable to do because of the missing Administrative Code or the lack of access to the law library.  Although plaintiffs allude to wanting to "petition" the courts, they fail to show that such an action would likely have been meritorious.  Greninger, 188 F.3d at 325.  At most, plaintiffs are complaining that they are not given the quality or quantity of access to the law library that they desire.  However, as the Supreme Court explained in Lewis, the right at issue is not a right to a law library or legal assistance, but the right of access *to the courts*.  Lewis, 518 U.S. at 350-51.  In other words, prison or jail law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.  Id.  The Lewis Court explained further:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense.  That would be the precise analog of the healthy inmate claiming a constitutional violation because of the inadequacy of the prison infirmary.  Insofar as the right

>vindicated by <u>Bounds</u> is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

<u>Lewis</u>, 518 U.S. at 351.

Here, because plaintiffs have neither shown nor alleged that they suffered any harm in any non-frivolous litigation, they fail to state a claim for denial of access to the courts.[2] Thus, it is respectfully recommended that the action be dismissed as frivolous and for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

**C.   Temporary Restraining Order.**

Plaintiffs seek a temporary restraining order prohibiting L. Cooper, J.J. Garcia. and "any other officer or employee of the Nueces County Jail" from impeding their access to the courts by withholding or destroying legal materials, denying law library sessions, or retaliating against them for filing this action. (D.E. 1 at 5-6).

To obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might case the defendant; and (4) that the injunction will not disserve the public interest." <u>Affiliated Professional Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an

---

[2] The fact that plaintiffs filed this action together, raising generalized complaints, is further evidence that they are complaining of an abstract, freestanding right of access to the law library. As the Supreme Court explained in <u>Bounds</u>, such a right does not exist. <u>Bounds</u>, 430 U.S. at 822-23.

extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiffs' motion fails to warrant such an extraordinary remedy. As discussed above, plaintiffs' fail to state adequately a claim for denial of access to the courts, such that there is no likelihood of success on the merits. Similarly, there is no substantial threat that any plaintiff will suffer irreparable harm if the injunction is not granted. Not one plaintiff has demonstrated that he is involved in a non-frivolous legal proceeding or that he has been prejudiced by lack of the Texas Administrative Code or limited law library sessions. The fact that jail policy might require a copy of the Administrative Code to be available to inmates, and it is not, does not state a constitutional violation. See Myers v. Klevenhagen, 97 F.3d 91 94 (5th Cir. 1996) (prison's failure to follow its own rules and regulations does not state a constitutional violation). In the absence of a constitutional violation, federal courts are reluctant to interfere in the internal affairs of local jails or state prisons. See Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations). Moreover, interference with jail operations would not be in the public's interest as it would be a waste of judicial resources to micro-manage the jail. Plaintiffs are not entitled to a injunctive relief.

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that the Court :

(1) grant plaintiff Ford's motion for voluntary dismissal (D.E. 9);

(2) deny plaintiffs' motion for a temporary restraining order (D.E. 1); and

(3) dismiss this action with prejudice for failure to state a claim and frivolous. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

Respectfully submitted this 30th day of March, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).